**UNITED STATES of America, Appellant,**

v.

**Christopher GITCHO, Appellee.**

**No. 79–1055.**

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1979.

Decided July 12, 1979.

As Amended July 23, 1979.

Rehearing Denied July 27, 1979.

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

Robert D. Kingsland, U. S. Atty., and Evelyn M. Baker, Asst. U. S. Atty., St. Louis, Mo., for appellant.

Lawrence J. Fleming of London, Greenberg & Fleming, St. Louis, Mo., for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and MARKEY,* Chief Judge, United States Court of Customs and Patent Appeals.

HEANEY, Circuit Judge.

The United States has brought this appeal, pursuant to 18 U.S.C. § 3731, challenging an order of the District Court which orders the suppression of evidence in the criminal trial of Christopher Gitcho.[1] We reverse.

On October 13, 1978, at approximately 11:55 P.M., a warrant was issued by a United States Magistrate for premises described

---

* HOWARD T. MARKEY, Chief Judge, United States Court of Customs and Patent Appeals, Washington, D. C., sitting by designation.

1. In his brief, filed on April 5, 1979, Gitcho contends that the failure of the United States Attorney to file a certification, required by 18 U.S.C. § 3731, requires the dismissal of this appeal. Since this certification has since been filed, we will proceed to entertain the government's appeal. *See United States v. Wolk,* 466 F.2d 1143, 1146 n. 2 (8th Cir. 1972); *United States v. Kleve,* 465 F.2d 187, 190 (8th Cir. 1972).

in the warrant as "4144 Geraldine, Apt. # 7, Parc Chalet Apartments, St. Louis County, Mo." There is no such numbered building in existence. At the time of the issuance of the warrant, federal agents had the premises of 4146 Parc Chalet, Apartment 7, St. Louis County, Missouri, under surveillance. It was the latter premises at which an unlawful drug manufacturing process was in process and for which probable cause for the search existed. The circumstances surrounding the error in the address of the premises to be searched which was stated in the warrant were found by the District Court to be as follows:

The building (* * * which had been under surveillance * * * and in which the allegedly unlawful activity had been in progress) is the second building east of Geraldine and north of the parking lot in the Parc Chalet Apartment complex. The apartment complex is in the 4100 block of Geraldine. There is no street sign which says Park Chalet Drive. That is an unmarked street which is actually a parking lot. The agents had no way of knowing that the parking lot was Parc Chalet Drive. An attempt had been made, unsuccessfully, to contact the building manager for the exact address. Under the normal numbering system, the numbers drop by four where, as in this case, there are double buildings, that is, building number 4148 would normally have attached to it a building numbered 4144. However, the numbering on the building in question is inconsistent with the other numbering, in that it dropped by only two. In addition, some of the apartments in the complex face directly on Geraldine and some are directly in back of Geraldine. However, they are numbered as though they were on the same street.

The District Court found that "[t]here is no question but that the agents executing the warrant personally knew which premises were to be searched." The court held, however, that the "Friday the 13th 'comedy of errors' has come into conflict with the requirement of the Fourth Amendment that the warrant particularly describe the place to be searched." Accordingly, the court ordered that any evidence obtained as the fruit of the search be suppressed.

The test for determining the sufficiency of the description of the place to be searched is whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched. *See United States v. Prout,* 526 F.2d 380, 387–388 (5th Cir.), *cert. denied,* 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 109 (1976); *United States v. Darensbourg,* 520 F.2d 985, 987 (5th Cir. 1975); *United States v. Bedford,* 519 F.2d 650, 655 (3d Cir. 1975), *cert. denied,* 424 U.S. 917, 96 S.Ct. 1120, 47 L.Ed. 323 (1976).

Where one part of the description of the premises to be searched is inaccurate, but the description has other parts which identify the place to be searched with particularity, searches pursuant to such warrants have been routinely upheld. *See, e. g., United States v. Shropshire,* 498 F.2d 137 (6th Cir. 1974), *appeal dismissed,* 420 U.S. 901, 95 S.Ct. 838, 42 L.Ed.2d 845 (1975); *United States v. Pisano,* 191 F.Supp. 861 (S.D.N.Y.1961). Other factors which have been cited in upholding searches made pursuant to search warrants which contained some inaccuracies in the description of the premises to be searched are that the address given in the warrant, even if incorrect, still describes the same piece of property, *see United States v. Smith,* 462 F.2d 456, 460–461 (8th Cir. 1972); *Hanger v. United States,* 398 F.2d 91, 98–99 (8th Cir. 1968), *cert. denied,* 393 U.S. 1119, 89 S.Ct. 995, 22 L.Ed.2d 124 (1969), that the premises intended to be searched are adjacent to those described and all are under the control of the defendant, *see United States v. Melancon,* 462 F.2d 82 (5th Cir.), *cert. denied,* 409 U.S. 1038, 93 S.Ct. 516, 34 L.Ed.2d 487 (1972), that the incorrect address describes a place not in existence, or that other parts of the description which are correct limit the place to be searched to one place, *see*

*United States v. Darensbourg, supra* at 988; *United States v. Godman,* 312 F.Supp. 556 (N.D.Ind.1970), and that the premises which were intended to be searched had previously been surveilled or were being surveilled while the warrant was obtained. *See United States v. Prout, supra* at 388; *United States v. Hassell,* 427 F.2d 348 (6th Cir. 1970); *United States v. Curwood,* 338 F.Supp. 1104, 1112 (D.Mass.1972); *United States v. Ramos,* 282 F.Supp. 354, 355 (S.D. N.Y.1968).

■ The facts, as found by the District Court, make this case admittedly close. The only description of the premises to be searched, which is found in the warrant, is the street address, "4144 Geraldine," which the government concedes is technically incorrect. Several courts have held that where the address of the premises to be searched is the only description in the warrant and that address is incorrect, evidence seized in the subsequent search must be suppressed. *See United States v. Constantino,* 201 F.Supp. 160 (W.D.Pa.1962); *United States v. Kenney,* 164 F.Supp. 891 (D.D. C.1958); *Bucari v. Fili,* 31 F.Supp. 433 (M.D. Pa.1940). There were additional circumstances in this case, however, which convince us that the search should be upheld. The address stated in the warrant, although technically incorrect, was reasonable for the location intended. *See United States v. Sklaroff,* 323 F.Supp. 296, 320–321 (S.D.Fla. 1971). The address stated in the warrant does not exist, making the mistaken search of the wrong premises unlikely. Of even greater importance is the fact that the agents executing the warrant personally knew which premises were intended to be searched, and those premises were under constant surveillance while the warrant was obtained. The premises which were intended to be searched were, in fact, those actually searched. *See United States v. Prout, supra* at 388; *United States v. Darensbourg, supra* at 988. We, therefore, hold that the District Court erred in suppressing the evidence seized pursuant to the search warrant on this ground.

■ Gitcho argues that the evidence in question should be suppressed on the alternate ground that the oral affidavit given by the agent requesting the search warrant was not authorized by Fed.R.Crim.P. 41(c)(2). It is true that Rule 41(c)(2) appears to authorize the use of a oral affidavit only when the person requesting the warrant is not in the physical presence of the magistrate, *see* Advisory Committee's Notes for the 1972 Amendments to Fed.R.Crim.P. 41(c)(2), and that the agent requesting the search warrant in this case did appear before the issuing magistrate. The District Court found, however, that an oral affidavit procedure was used because of the unavailability of secretarial services at the hour when the warrant was obtained. The oral affidavit was recorded at the time of its making, and a transcript of the affidavit was furnished to the District Court, making review of the existence of probable cause for its issuance possible. Under these circumstances, we find no prejudice to Gitcho from the agents' failure to follow the rule, or any evidence of intentional and deliberate disregard of the provisions of the rule, which would justify the suppression of the evidence seized. *See United States v. Burgard,* 551 F.2d 190, 193 (8th Cir. 1977); *United States v. Burke,* 517 F.2d 377, 386–387 (2d Cir. 1975).

The order of the District Court is reversed.