**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harold Loyd VASSER, Defendant-Appellant.**

No. 79–1525.

United States Court of Appeals, Ninth Circuit.

July 14, 1980.

Rehearing Denied Oct. 7, 1980.

As Amended on Denial of Rehearing and Rehearing Denied En Banc Jan. 7, 1981.

Michael L. Piccarreta, Phoenix, Ariz., for defendant-appellant.

Kenneth L. Fields, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before CHOY, ANDERSON, and PREGERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Vasser appeals his conviction for the manufacture of Phencyclidine in violation of 21 U.S.C. § 841. Vasser's sole contention on appeal is that the court erred in dismissing his motion to suppress certain physical evidence on the ground of deficiency in the issuance of a search warrant. We affirm.

## I. BACKGROUND

On March 7, 1979, Special Agents Charles R. Henderson and Clifford Rabourn of the Drug Enforcement Administration began a surveillance of Vasser's apartment. Agents Henderson and Rabourn suspected that Vasser was using the apartment to manufacture illegally the drug Phencyclidine. Based upon observations whose validity is not at issue in this appeal, the agents concluded that Vasser was in the process of manufacturing the drug and that the apartment should be searched. At 10:30 p. m. on March 7, Agent Henderson contacted an Assistant U.S. Attorney who, after hearing Henderson's description of Vasser's activities, agreed that the agents had probable cause to search the apartment. Henderson thereupon instructed Agent Rabourn to prepare an affidavit of probable cause in order to obtain a search warrant.

The agents were observing Vasser's apartment from an empty townhouse complex located directly across a parking lot. Their vantage point was visible from the kitchen in Vasser's apartment. The townhouse contained no furniture and lacked utilities. Faced with the limitations of their physical surroundings and with what they perceived as a need to act quickly, the agents devised a novel approach to drafting the probable cause affidavit. Agent Rabourn, armed with flashlight and cassette recorder, entered a closet and proceeded to tape-record an affidavit. The agents elected not to seek a standard telephonic search warrant because the local federal magistrate had advised them on a prior occasion that he had no telephone recording equipment in his home.

Agent Rabourn delivered the tape to the U.S. Magistrate and was sworn to the truth of the statements contained therein after the magistrate had listened to the entire tape. A search warrant issued at 3:00 a. m. on March 8, and was executed at 7:00 a. m. As a result of the search, evidence pertinent to Vasser's eventual conviction was seized.

Prior to trial, Vasser filed a motion to suppress all evidence seized pursuant to the

warrant on the ground that the tape-recorded affidavit did not comply with the procedural guidelines enumerated by Fed.R. Crim.P. 41. The trial court denied Vasser's suppression motion on the grounds that any noncompliance with Rule 41 was not fundamental, and that Vasser had demonstrated neither prejudice nor a deliberate disregard of Rule 41 by the agents. At a bench trial on June 21, 1979, Vasser was convicted on a single count of violating 21 U.S.C. § 841, and was later sentenced to five years of probation.

## II. DISCUSSION

Vasser's attack on the issuance of the search warrant is not based upon constitutional grounds. He contends, rather, that the agents failed to comply with Rule 41 of the Federal Rules of Criminal Procedure in making their application for the warrant. Rule 41 provides for two basic affidavit forms: written and oral. The pertinent sections read as follows:

"(c) *Issuance and contents*

(1) *Warrant upon affidavit.* A warrant other than a warrant upon oral testimony under paragraph (2) of this subdivision shall issue only on an affidavit or affidavits sworn to before the federal magistrate or state judge and establishing the grounds for issuing the warrant. If the federal magistrate or state judge is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. [Remainder of (c)(1) deleted.]

(2) *Warrant upon oral testimony.—*

(A) *General Rule.—*If the circumstances make it reasonable to dispense with a written affidavit, a Federal Magistrate may issue a warrant based upon sworn oral testimony communicated by telephone or other appropriate means."

Fed.R.Crim.P. 41(c)(1), (c)(2).

Vasser contends that Rule 41 contemplates the issuance of warrants only upon presentation of written or telephonic affidavits. Since tape-recorded affidavits are not within the letter of rule 41, Vasser would have us reverse on the ground of fundamental noncompliance. Vasser also argues non compliance in that Agent Rabourn was not sworn until after the issuing magistrate had listened to the taped affidavit.

In considering the issue of the tape recording, we apparently deal with a question of first impression. Our research has uncovered only two prior circuit court decisions with somewhat similar factual situations. In *United States v. Gitcho*, 601 F.2d 369 (8th Cir.), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979), the agent requesting the warrant appeared before the magistrate and gave an oral affidavit which was recorded and later transcribed. The *Gitcho* court refused to suppress despite the agent's failure to utilize an affidavit procedure sanctioned by Rule 41 because the defendant there was not prejudiced by the technically defective affidavit. 601 F.2d at 372. In *United States v. Mendel*, 578 F.2d 668 (7th Cir.), *cert. denied*, 439 U.S. 964, 99 S.Ct. 450, 58 L.Ed.2d 422 (1978), the court approved as conforming to the letter of the rule a procedure whereby the agent supplemented the initial draft of an affidavit with oral testimony on details supporting probable cause which was recorded and later transcribed.

■ We agree with Vasser that the procedure employed by Agent Rabourn did not conform with the letter of Rule 41. 41(c)(1) clearly contemplates the issuance of warrants upon written affidavits, and is not applicable. 41(c)(2) offers a greater possibility of sanctioning the taped affidavit, but falls short. 41(c)(2) is applicable only to cases wherein the applicant for the warrant is not physically present before the issuing magistrate. *See United States v. Gitcho, supra*, at 372; *see also* Advisory Committee's Notes for the 1977 Amendments to Fed.R.Crim.P. 41(c)(2). In their entirety, the details of 41(c)(2) can have no reasonable application to a case where the appli-

cant appears in the presence of the magistrate.[1]

■ Our finding that Rule 41 does not sanction the precise method of submitting the affidavit, however, does not end our analysis. Suppression is not required in all cases where the issuance of a search warrant fails to conform to the dictates of Rule 41.[2] Only a "fundamental" violation of Rule 41 requires automatic suppression, and a violation is "fundamental" only where it, in effect, renders the search unconstitutional under traditional fourth amendment standards. See *United States v. Burke*, 517 F.2d 377, 386 (2d Cir. 1975); *see also United States v. Radlick*, 581 F.2d 225 (9th Cir. 1978); *Navarro v. United States*, 400 F.2d 315 (5th Cir. 1968). Violations of Rule 41 which do not arise to constitutional error are classified as "non-fundamental." "Non-fundamental" noncompliance with Rule 41 requires suppression only where:

> " '(1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule.' "

1. 41(c)(2) as a whole reads as follows:

   "(2) Warrant upon oral testimony.—

   (A) General Rule.—If the circumstances make it reasonable to dispense with a written affidavit, a Federal Magistrate may issue a warrant based upon sworn oral testimony communicated by telephone or other appropriate means.

   (B) Application.—The person who is requesting the warrant shall prepare a document to be known as a duplicate original warrant and shall read such duplicate original warrant, verbatim, to the Federal magistrate. The Federal magistrate shall enter, verbatim, what is so read to such magistrate on a document to be known as the original warrant. The Federal magistrate may direct that the warrant be modified.

   (C) Issuance.—If the Federal magistrate is satisfied that the circumstances are such as to make it reasonable to dispense with a written affidavit and that grounds for the application exist or that there is probable cause to believe that they exist, the Federal magistrate shall order the issuance of a warrant by directing the person requesting the warrant to sign the Federal magistrate's name on the duplicate original warrant. The Federal magistrate shall immediately sign the original warrant and enter on the face of the original warrant the exact time when the warrant was ordered to be issued. The finding of probable cause for a warrant upon oral testimony may be based on the same kind of evidence as is sufficient for a warrant upon affidavit.

   (D) Recording and certification of testimony.—When a caller informs the Federal magistrate that the purpose of the call is to request a warrant, the Federal magistrate shall immediately place under oath each person whose testimony forms a basis of the application and each person applying for that warrant. If a voice recording device is available, the Federal magistrate shall record by means of such device all of the call after the caller informs the Federal magistrate that the purpose of the call is to request a warrant. Otherwise a stenographic or longhand verbatim record shall be made. If a voice recording device is used or a stenographic record made, the Federal magistrate shall have the record transcribed, shall certify the accuracy of the transcription, and shall file a copy of the original record and the transcription with the court. If a longhand verbatim record is made, the Federal magistrate shall file a signed copy with the court.

   (E) Contents.—The contents of a warrant upon oral testimony shall be the same as the contents of a warrant upon affidavit.

   (F) Additional rule for execution.—The person who executes the warrant shall enter the exact time of execution on the face of the duplicate original warrant.

   (G) Motion to suppress precluded.—Absent a finding of bad faith, evidence obtained pursuant to a warrant issued under this paragraph is not subject to a motion to suppress on the ground that the circumstances were not such as to make it reasonable to dispense with a written affidavit."

2. In effect, Vasser urges us to adopt a *per se* rule requiring suppression any time there may be a violation of the letter of Rule 41. As noted in the text, we are not so disposed even if free to do so. The policies behind the exclusionary rule are not absolute and must be evaluated realistically and pragmatically on a case by case basis. *See, United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965); *Stone v. Powell*, 428 U.S. 465, 488, 96 S.Ct. 3037, 3049, 49 L.Ed.2d 1067 (1976). By this opinion we do not encourage deviation from the requirements of Rule 41. However, we cannot fault the good faith ingenuity of the officers to the point where reversal is required. All interests sought to be protected by the fourth amendment and Rule 41 were safeguarded by the officers, the Assistant U. S. Attorney, and the Magistrate, even though the methods used were novel. The error, defect or irregularity did not affect any substantial rights of Vasser. Rule 52(a), F.R.Cr.P.

*United States v. Radlick, supra*, at 228, quoting *United States v. Burke, supra.*

The technical failure to comply here certainly cannot be classified as "fundamental." The affidavit and warrant comply with constitutional standards. Our inquiry, therefore, must focus upon prejudice to Vasser or deliberate disregard of the Rule by the DEA agents. We adopt the approach of *United States v. Gitcho, supra*, and find that Vasser was not prejudiced by the use of a tape-recorded affidavit. As in *Gitcho*, the circumstances under which the warrant was sought at least partially justified the agents' deviation from the letter of the Rule. Also, as in *Gitcho*, the taped statement was transcribed and provided to the district court for review. The affidavit complies with the spirit of Rule 41 in that it provided a basis for a probable cause determination and established an adequate record to review that determination.

We also find that the court below did not err in finding that the agents' resort to the tape-recorded affidavit was not undertaken in bad faith. The circumstances required that the agents act with some urgency, and their belief that the use of the cassette recorder would speed the process was apparently held in good faith.

Vasser also finds fault in that the oath was not administered until after the magistrate had listened to the taped affidavit, citing *United States v. Shorter*, 600 F.2d 585 (6th Cir. 1979). *Shorter*, however, dealt with a telephonic search warrant. Rule 41(c)(2)(D) specifically requires that the oath be given prior to oral testimony in the case of an application for a telephonic warrant. It is not a general requirement for all warrants issued under Rule 41. We have already determined that the warrant issued here was not classifiable as a 41(c)(2) warrant. In any event, the timing of the oath could not have caused any prejudice to Vasser within the meaning of *Radlick.*

Consequently, we hold that the timing of the oath did not require suppression in this case.

### III. *CONCLUSION*

The judgment of the court below is AFFIRMED.[3]

PREGERSON, Circuit Judge, dissenting.

I agree with the majority that the procedure followed by Agent Rabourn did not conform to the requirements of F.R.Crim.P. 41(c). I do not agree, however, that substantial departures from the directives of Rule 41(c) are nonfundamental noncompliances with the rule which, absent prejudice or bad faith, ought to be excused.

The majority defines a nonfundamental violation of the rule as one that does not rise to constitutional dimensions. Conversely, a violation is fundamental only if it renders the search unconstitutional under traditional Fourth Amendment standards. This distinction makes Rule 41(c) superfluous, except to the extent that it signifies approval of the use of telephones and recording devices to communicate and memorialize information needed to satisfy the oath or affirmation, probable cause, and particularity requirements of the Fourth Amendment. Moreover, the majority's fundamental/nonfundamental dichotomy raises other problems. The Federal Rules of Criminal Procedure blend constitutional limitations on police activity, procedural limitations designed to avoid constitutional violations, and purely administrative "housekeeping" regulations. *United States v. Searp*, 586 F.2d 1117, 1123–24 (6th Cir. 1978), *cert. denied*, 440 U.S. 921, 99 S.Ct. 1247, 59 L.Ed.2d 474 (1979). Yet the majority would limit the exclusionary rule to Rule 41 violations that implicate constitutional limitations on police activity, but would not employ that sanction where other violations of Rule 41 occur, unless prejudice

**3.** This opinion does not conflict with this court's opinion in *United States v. Soto-Soto*, 598 F.2d 545 (9th Cir. 1979). In *Soto-Soto*, it was necessarily found that a violation occurred because a border search not conducted by a customs or immigration officer is, by definition, "unreasonable." The FBI agent conducting the search in *Soto-Soto* had no statutory authority to make the border search.

512

or bad faith is shown. One wonders then what purpose the Supreme Court and Congress envisioned when Rule 41(c), in its present form was promulgated in 1977 if the net effect of the new rule was merely to protect against police conduct already restricted by the Fourth Amendment itself. Because I do not agree with a result that basically eviscerates Rule 41(c) and the uniform telephone search warrant procedure it was designed to attain, and because I believe, at the very least, that procedural limitations designed to avoid constitutional violations are fundamental, I dissent.