134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond M. FREITAS, Defendant-Appellant.
 No. 97-15392.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Jan. 15, 1998.
 
 BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Raymond Freitas filed a motion with the district court to vacate his sentence, pursuant to 28 U.S.C. § 2255, on the ground that his attorney provided ineffective assistance during the appeal of his conviction. The district court thrice considered and denied his petition. We review de novo the district court's denial. See United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997). We review for clear error the court's factual findings. See United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996). We affirm.
 
 II.
 
 3
 Freitas raised several pretrial objections to the admission of evidence seized by police during a series of related searches. See United States v. Freitas, 610 F.Supp. 1560 (N.D.Cal.1985). The district court held that the magistrate violated Rule 41 by extending the period of the underlying warrants rather than issuing new warrants. Id. at 1568 (citing Sgro v. United States, 287 U.S. 206, 210-12 (1932); Fed.R.Crim.P. 41). It noted, however, that the magistrate relied on a new affidavit in granting the extensions. Thus, law enforcement officials had not used the extension procedure to prevent a fresh inquiry into probable cause. Accordingly, the improper extensions did not evoke the exclusionary rule. Id. As a result, a jury heard the evidence and convicted Freitas.
 
 
 4
 His attorney did not raise the extension (or Sgro ) issue during his subsequent and unsuccessful appeal of that conviction. Thus, Freitas filed a federal habeas petition alleging the ineffective assistance of appellate counsel. The district court denied that petition, as well as two following motions for reconsideration.
 
 III.
 
 5
 Although we do not encourage violations of federal criminal procedure, we note that Freitas was not harmed by the magistrate's action. The district court found that the agents who requested the warrant extensions presented the magistrate "with a new affidavit which established a much stronger showing of probable cause than when the warrants were originally issued." Id. Thus, the magistrate would have issued new warrants if he had followed the letter of Rule 41. Under new warrants, as under the extended original warrants, police would have conducted the searches on the basis of recently-established probable cause. Thus, Freitas suffered no prejudice from the magistrate's technical error. See Sgro, 287 U.S. at 210. Moreover, the record contains no evidence that the magistrate deliberately disregarded Rule 41. Therefore, an appeal of Freitas' conviction on this ground would have lacked merit. See United States v. Vasser, 648 F.2d 507, 510-11 (9th Cir.1980). The appellate attorney's failure to raise a meritless issue did not constitute ineffective assistance under the Sixth Amendment. See Strickland v. Washington, 466 U.S. 668, 691-92 (1984).
 
 
 6
 AFFIRM.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3