# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3101

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Michael Anthony Pitts, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 15, 1998

Filed: April 13, 1999

_____

Before McMILLIAN, LAY and HALL,[1] Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Michael Anthony Pitts appeals from a final judgment entered in the United States District Court[2] for the District of Minnesota, upon a jury verdict, finding him guilty of one count of conspiracy to distribute and possess with intent to distribute

_____

[1]The Honorable Cynthia Holcomb Hall, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

cocaine base in violation of 21 U.S.C. § 846, one count of aiding and abetting distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced appellant under the federal sentencing guidelines to imprisonment for 210 months on the drug counts and 120 months on the firearm counts, to be served concurrently, and four years supervised release. For reversal, appellant argues that the district court erred in denying his motion to suppress evidence recovered during a police search of his place of business because the warrant was defective, and that the district court erred in imposing a two-level sentencing enhancement for a supervisory or leadership role in the offense. For the reasons discussed below, we affirm.

Jurisdiction was proper in the district court based upon 18 U.S.C. § 3231. Jurisdiction on appeal is proper based upon 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

## BACKGROUND

Appellant and his wife owned and operated a clothing store at 715 East Lake Street in Minneapolis, Minnesota. Appellant's store was located in a building that ran the length of the block and which housed several other businesses. In particular, appellant's business shared a back entry with a hair salon next door at 713 East Lake Street. On August 5, 1997, police began to monitor appellant's place of business after receiving information from a confidential informant (CI) that appellant was dealing drugs from his place of business and was expecting a large shipment of cocaine within a few days. Police also provided the CI with six pre-registered $100 bills to use to purchase drugs from appellant. The CI arranged to purchase drugs from appellant at appellant's place of business.

On the day of the controlled buy, the front door to appellant's store was inoperative because a key had broken off in the lock. Police observed appellant and his co-conspirator enter appellant's store (715 East Lake) through the adjoining hair salon (713 East Lake). In fact, police observed appellant and his co-conspirator enter and exit 713 East Lake Street several times during the controlled buy. When the CI arrived to purchase the drugs, the co-conspirator met him in front of the store to conduct the sale. When she found she did not have change for the CI's $600.00, the co-conspirator entered 713 East Lake and returned with appellant, who took the CI's money and gave him $50 change. The co-conspirator then removed the cocaine base from her jacket and gave it to the CI.

After the controlled buy, police officer Graff applied for and was granted a warrant to search "713-715 East Lake Street." During the search of appellant's store (715 East Lake) police discovered 35 grams of cocaine base in the co-conspirator's jacket, five of the $100 bills from the controlled buy, and a handgun, which had an obliterated serial number. The search of 713 East Lake revealed no evidence of criminal activity. In a separate warranted search of appellant's home, police discovered a .22 caliber pistol and another handgun. While conducting an inventory of the co-conspirator's belongings at the police station, police discovered the sixth $100 bill used in the controlled buy.

At trial the government introduced evidence that appellant recruited his co-conspirator, who was in high school, by taking her out, buying her gifts, and eventually convincing her to hold drugs and conduct transactions for him. The government also produced evidence that the CI had contacted appellant to purchase drugs by calling appellant's pager, and that appellant had organized the controlled buy. Furthermore, the government presented evidence that appellant had instructed his co-conspirator to meet with and sell drugs to the CI on the day of the controlled buy.

-3-

## SEARCH WARRANT

Prior to trial, appellant and his co-conspirator moved to suppress the drugs, money, and handgun recovered during the search of appellant's business on the ground that the search warrant was defective.[3] Appellant now argues that the district court erred in adopting the Magistrate Judge's[4] recommendation to deny the motion. Appellant contends that the warrant was defective because it did not set out with sufficient particularity the premises to be searched. He argues that the warrant was not sufficiently particular because it included 713 East Lake Street, which police could have and should have determined was an unrelated third-party's property before applying for a warrant. Appellant maintains that the officers' failure to do so demonstrates that they acted in bad faith, which renders the warrant invalid.

We review facts supporting the denial of a motion to suppress evidence for clear error and review the legal conclusions based on those facts *de novo*. See United States v. Beatty, 1999 WL 124071 (8th Cir. 1999). Appellant's arguments fail because the search warrant, while not perfect, was not constitutionally deficient.

First, there was probable cause to search both 713 and 715 East Lake Street because there was a fair probability that police would find contraband or evidence of a crime in either store. See United States v. LaMorie, 100 F.3d 547, 552 (8th Cir. 1996). The police observed appellant and his co-conspirator entering, exiting, and passing through 713 East Lake Street as well as in appellant's store at 715 East Lake Street. Combined with the CI's information about the drug shipment to appellant and

---

[3]The co-conspirator entered into a plea agreement with the government before standing trial.

[4]The Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

the controlled buy, this was sufficient to establish probable cause that evidence of a crime might be found in both 713 and 715 East Lake Street.

Second, the search warrant met the Fourth Amendment requirement that warrants set out with sufficient particularity the premises to be searched. The test for determining if a warrant is sufficiently particular is "whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched." United States v. Gitcho, 601 F.2d 369, 371 (8th Cir. 1979). The warrant listed the street addresses of the two places in which police observed appellant and his co-conspirator. The street addresses were correct, and there was little risk that another address would be searched erroneously. Furthermore, police had had the two businesses under surveillance, which further reduced the risk that a different location would be searched accidentally. See id. at 372 (police surveillance of a location before or during issuing of a warrant is a factor that can compensate for inaccuracies in a warrant's description of site to be searched.).

Finally, the district court did not err in denying the motion to suppress because, even if police lacked probable cause to search 713 East Lake Street, the evidence seized in 715 East Lake Street was admissible. A court can sever deficient portions of a search warrant without invalidating the entire warrant. See United States v. Fitzgerald, 724 F.2d 633, 637 (8th Cir. 1983)(*en banc*). That is, when a warrant lists several locations to be searched, a court can suppress evidence recovered at a location in the warrant for which police lacked probable cause but admit evidence recovered at locations for which probable cause was established. See id. As all evidence against appellant was seized from his place of business (715 East Lake Street), for

which police clearly possessed probable cause to search, it was properly admitted even if police lacked probable cause to search 713 East Lake Street.[5]

In sum, we hold that the District Court's decision to deny appellant's motion to suppress evidence recovered in the search of his place of business was not clearly erroneous.

### SENTENCING ENHANCEMENT FOR ROLE IN THE OFFENSE

Appellant next argues that the district court erred in adding a two-level enhancement to his offense level due to his supervisory or leadership role in the offense. He argues that there was no evidence that he recruited or supervised his co-conspirator and that at most the evidence established that he might have suggested to his co-conspirator that she sell drugs. He further argues that the jury's decision to acquit him of count three of the indictment–which dealt with the 35 grams of cocaine base seized from his co-conspirator–indicates that the jury did not believe he was a supervisor.

A sentencing court may increase the base level of a defendant's offense by two levels if he or she was "an organizer, leader, manager, or supervisor" in a criminal act. U.S.S.G. § 3B1.1(c). The government bears the burden of demonstrating by a preponderance of the evidence that the increase is warranted, and we review a sentencing court's decision to impose such an increase for clear error. See United

---

[5]The doctrine of severability should not be interpreted as a means to search extraneous locations in the hope of discovering evidence of criminal activity. In order to receive a warrant, police must still demonstrate probable cause to search each location listed on a warrant application. Furthermore, the doctrine of severability does not apply when police act in bad faith or add locations to a warrant as a pretext to conduct otherwise impermissible searches. See United States v. Fitzgerald, 724 F.2d 633, 636-37 (8th Cir. 1983)(en banc).

States v. Edwards, 91 F.3d 1101, 1104 (8th Cir. 1996). Factors that the court may consider to support a leadership role include: "the exercise of decision making authority. . .the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, [and] the degree of participation in planning or organizing the offense." U.S.S.G. § 3B1.1, application note 4. See also United States v. Ortiz-Martinez, 1 F.3d 662, 677 (8th Cir. 1993). In addition, we have held that an individual can play a leadership role without directly controlling his or her co-conspirators. See United States v. Grady, 972 F.2d 889 (8th Cir. 1992).

The district court's decision to impose the two-level increase under U.S.S.G. § 3B1.1 (c) was not clearly erroneous. Appellant controlled the supply of cocaine and told the CI that he would be receiving a large shipment soon. In addition, appellant arranged the sale to the CI and received $550.00 in payment, of which he apparently kept $500 for himself. Furthermore, appellant recruited his co-conspirator to deliver cocaine base to the CI. This is sufficient to establish a leadership role. The fact that appellant did not control his co-conspirator's every move does not defeat the finding that he played a leadership role in the offense.

## CONCLUSION

For the reasons stated, the judgment of the district court is affirmed.


A true copy.

        Attest:


        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.