**STATE of Missouri, Plaintiff–Respondent,**

v.

**Donald Ray SPRADLING, Defendant–Appellant.**

**No. SD 32393.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 5, 2013.

Emmett D. Queener, Columbia, MO, for Appellant.

Dora A. Fichter, Jefferson City, MO, for Respondent.

DON E. BURRELL, J.

Donald Ray Spradling ("Defendant") was found guilty after a jury trial of one count of possession of a controlled sub-

stance with intent to distribute and two counts of possession of a controlled substance. *See* sections 195.211 and 195.202.[1] Defendant now appeals his convictions, contending the trial court erred in overruling his pre-trial motion to suppress and subsequent trial objection to evidence seized from his home pursuant to a search warrant. Defendant maintains "that the search was executed well beyond ten days after issuance of the search warrant rendering the warrant invalid pursuant to [s]ection 542.276 ... resulting in an illegal search; and the evidence should have been suppressed as fruit of the poisonous tree."

Because substantial evidence supported the trial court's finding that the search was executed within 10 days of the application of the search warrant as required by section 542.276, we affirm Defendant's convictions. But because the judgment of conviction and sentence does not include the trial court's finding that Defendant was sentenced as a prior drug offender, we remand the matter to the trial court to amend the judgment to include that finding. *See State v. Page*, 309 S.W.3d 368, 374 (Mo.App.E.D.2010) (where the reviewing court found, *sua sponte*, "that the trial court failed to record its finding as to [the d]efendant's status as a prior and persistent offender on the written judgment and sentence form" and held that the mistake could be corrected by a *nunc pro tunc* order where "the trial court's intentions regarding the defendant's sentence [are] clear from the record").[2]

---

**1.** Defendant, who was charged as and found to be a prior drug offender, received concurrent, fifteen-year sentences on each count. *See* sections 195.275.1(1), 195.285.1, 195.291.1 and 558.011.1. References to sections 195.211, 542.276, *infra*, and 558.011, *infra*, are to RSMo Cum.Supp.2009. All other statutory references are to RSMo 2000.

**2.** Defendant's status as a prior drug offender allowed the trial court to sentence him within the punishment range authorized for a class B

## Applicable Principles of Review and Governing Law

"Where, as here, a motion to suppress was overruled and the evidence was introduced at trial, an appellate court will consider the evidence presented both at the suppression hearing and at trial in determining whether the motion should have been granted." *State v. Goff*, 129 S.W.3d 857, 861–62 (Mo. banc 2004). "The burden of going forward with the evidence and the risk of nonpersuasion shall be upon the state to show by a preponderance of the evidence that the motion to suppress should be overruled." Section 542.296.6. "We view the facts and any reasonable inferences arising therefrom in the light most favorable to the ruling of the trial court, and we give deference to the trial court's factual findings and credibility determinations." *State v. Robinson*, 379 S.W.3d 875, 880 (Mo.App.S.D.2012). We review the trial court's ruling on a motion to suppress evidence for the existence of substantial evidence, and we will reverse the ruling only if it is clearly erroneous. *Id.* at 879–80.

Section 542.276.10(7) provides that "[a] search warrant shall be deemed invalid ... [i]f it was not executed within the time prescribed by subsection 8 of this section." Subsection 8 provides that "[a] search warrant shall be executed as soon as practicable and shall expire if it is not

---

felony on Counts II and III—up to fifteen years—when the counts would have otherwise been subject to the range of a class C felony—up to seven years. Sections 195.285.1 and 558.011.1(2) and (3). The trial court made its intentions clear in finding Defendant to be a prior drug offender during pretrial proceedings and in referring to the finding again after sentencing Defendant while questioning him concerning his representation by counsel.

executed and the return made *within ten days after the date of the making of the application*" (emphasis added). The proper interpretation of a statute is a question of law we review *de novo*. *State v. Hamilton*, 328 S.W.3d 738, 742 (Mo.App. W.D.2010). If the language in the statute is unambiguous, we must give effect to the statute as it is written. *Id.*

### Factual and Procedural Background

Defendant does not contest the sufficiency of the evidence to support his convictions. We therefore include only those facts relevant to the disposition of his point on appeal as viewed in the light most favorable to the trial court's ruling. *Robinson*, 379 S.W.3d at 880.

Bryan Pratt, "a narcotics investigator with the Lake Area Narcotics Enforcement Group[,]" applied for a warrant to search Defendant's residence on July 1, 2010. He prepared the application for the search warrant ("application"), his affidavit in support of the application ("affidavit"), and the search warrant itself. These documents were admitted into evidence as State's exhibits 1, 2, and 3. The end of the application contained the following information:

> Wherefore complainant prays that a search warrant be issued as provided by law.
>
> *BA Pratt*
>
> T.F.O. BA. Pratt
>
> July 1, 2010, at *3:45* A.M./P.M.
>
> This application has been reviewed by the Laclede County Prosecuting Attorney's Office
>
> [*assistant prosecutor's signature*]

Subscribed and sworn to before me on this 1st day of July, 2010, at *3:45* A.M./P.M.

> [*circuit judge's signature*]
>
> Laclede County Circuit Judge[ 3]

(Italics used to represent handwritten text and the signature of Officer Pratt.)

The affidavit bears Officer Pratt's signature just above the jurat stating "[s]ubscribed and sworn before me this 1st day of July, 2010" and signature of the circuit judge. The search warrant bears the circuit judge's signature just beneath the jurat: "Witness my hand and seal of this court on this 1st day of **June**, 2010, at *3:49* A.M./P.M[.]". (Italics used to represent handwritten text, bolding added for emphasis.)

Officer Pratt testified that the June 1, 2010 date listed on the search warrant was "a typo" or "a typographical error[,]" and he explained that he did not "intentionally put the wrong date on the search warrant[.]" He testified that the search warrant was signed on July 1, 2010. He "submitted the search warrant simultaneously with the application and affidavit[,]" and no one caught the error at the time the documents were presented to the issuing judge for review and signature. Officer Pratt testified that the search was performed two days later, on July 3, 2010. A Lebanon police officer, Lana Veurink, who assisted with the execution of the search warrant, also testified at trial that the search occurred on July 3, 2010.

Officer Pratt realized that the date listed on the search warrant was erroneous only after officers "had made entry into the residence and everyone [was] secured." As Officer Pratt was reading the search warrant aloud to Defendant, he "noticed

**3.** The circuit judge who signed the search warrant was not the same judge who presided over the suppression hearing and trial.

that it said 'June' instead of 'July,' " and he informed Defendant that "that was a typo, that it was actually issued on July 1." Officer Pratt did not stop the search when he noticed the June 1 date, and the evidence about which Defendant now complains was seized from Defendant's home and person.

Defendant did not object when Officer Pratt testified that there was a mistake in the date listed on the search warrant, and the trial court found that Officer Pratt "testified credibly" that the search "warrant was executed [sic[4]] by the [circuit] judge in his personal presence ... at 3:49 [p.m.], four minutes after the application was made." The trial court also found "that the [search] warrant was executed and returned within ten days of its issuance."

After the suppression hearing and prior to trial, Defendant filed a *pro se* "Coram Nobis Writ to Review Judgment for Error" regarding the denial of his motion to suppress, arguing that the docket sheet for the search warrant supported his position. The matter was raised in pretrial proceedings, and Defendant informed the trial court that the "search warrant docket sheet ... [has] June 1 on it[.]" The trial court denied Defendant's request to reconsider its denial of Defendant's motion to suppress.

At trial, defense counsel objected to the admission of evidence obtained "as a result of the search warrant" on the same grounds asserted in the motion to suppress. The trial court overruled the objection, and it granted a continuing objection for every witness concerning evidence "seized from [Defendant] or the house in question ... on the same basis as set forth in [the] written motion to suppress filed with the Court."

## Analysis

■■■ Defendant's point claims the search was invalid and in violation of his rights under "the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 15 of the Missouri Constitution" because it "was executed well beyond ten days after issuance of the search warrant rendering [it] invalid pursuant to Section 542.276[.]"[5] Defendant insists that "the conclusion [about when the search warrant was issued] should have been limited to the four corners of the [search] warrant, and not rebutted by extrinsic evidence such as Officer Pratt's testimony[,]" citing *State v. Brown*, 382 S.W.3d 147, 162 (Mo.App.W.D.2012). The flaw in that argument is that *Brown* stands for the proposition that the relevant examination is of all of the documents submitted to the judge in connection with the request for the search warrant: the warrant, the application, and the affidavit. 382 S.W.3d at 161–62.[6] Here, both the

---

**4.** We presume that the trial court's use of the term "executed" in this context was to the circuit judge's signing of the requested search warrant. A search warrant is "executed by conducting the search and seizure commanded." Section 542.276.7.

**5.** Beyond stating the content of the referenced constitutional provisions, Defendant makes no attempt to argue how they were violated in the context of this case. As a result, we deem Defendant's constitutional arguments to be abandoned. *See State v. McDaniel*, 236 S.W.3d 127, 137 (Mo.App.S.D.2007) (failure

to "develop allegations of error in the argument portion of an appellant's brief constitutes abandonment or waiver of that issue").

**6.** *Brown* also should not be read as prohibiting the trial court from ascertaining the date of the application for the search warrant and the date it was issued from evidence beyond the face of the documents themselves. The statement in *Brown* that "[i]f the court were evaluating only warrant-supported searches, the court would *exclude* from consideration all evidence external to the warrant documents" was made in the context of determin-

affidavit and the application were dated July 1, 2010.

■ Defendant also argues—without citation to direct authority but by noting that the State has the burden of proof on the issue of suppression—that "[t]he inconsistencies in the dates on the documents should have been resolved in [Defendant's] favor." The fact that the State bears the burden of proof on a motion to suppress does not mean that the trial court must resolve every factual dispute in the defendant's favor. It is the province of the trial court to determine what actually took place, and we defer to that determination. *Robinson,* 379 S.W.3d at 880.

If a search warrant is "not executed within the time prescribed by subsection 8[,]" it "shall be deemed invalid[.]" Section 542.276.10(7). Section 542.276.8 requires execution of the search warrant "as soon as practicable[,] and [it] shall expire if it is not executed and the return made *within ten days after the date of the making of the application* " (emphasis added).[7] The unambiguous language of this provision makes the date of the *application* for the warrant the determining factor. Nothing in the language of the statute requires that the resulting search must occur within ten days from the date listed on the face of the warrant.

The date listed on the face of the application for the warrant was July 1, 2010, and Officer Pratt testified that he made his application for the warrant on that date. He also testified that the judge issued the warrant that same date. Officers Pratt and Veurink both testified that the search was conducted on July 3, 2010, two days after the application for the warrant was made. The trial court was entitled to credit this substantial evidence supporting its decision to admit the evidence seized from Defendant's home and person. Defendant's point is denied, and his convictions are affirmed.

Because the written judgment does not comport with the record that clearly indicates Defendant was sentenced as a prior drug offender, we remand the case to the trial court to enter a judgment that indicates Defendant was sentenced to concurrent, fifteen-year terms of imprisonment as a prior drug offender.

JEFFREY W. BATES, P.J. and MARY W. SHEFFIELD, J., concur.

ing whether those documents sufficiently established probable cause for the search. *Id.* at 162. It is the existence of probable cause for the issuance of the warrant that is "determined from the four corners of the application for the search warrant and any supporting affidavits." *State v. Dowell,* 25 S.W.3d 594, 604 (Mo.App.W.D.2000). Probable cause for the issuance of the search warrant is not at issue in this case. Where the question at issue, as here, is whether the search warrant was executed in accordance with section 542.276, an analogous case is *State v. Miller,* 815 S.W.2d 28, 34–35 (Mo.App.E.D. 1991). There, one of the appellant's arguments for suppression of evidence was that the application for the search and the search warrant "fail[ed] to state a time of issuance as

required by [section] 542.276.6(3)." *Id.* at 34. In upholding the search, the Eastern District considered evidence outside the face of the warrant documents that indicated the search was executed "on the same day" as its application and issuance. *Id.* at 35. *Cf. also State v. Feemster,* 628 S.W.2d 367, 370 (Mo.App. E.D.1982) (where evidence of officers' knowledge of the location of the defendant's residence was considered in deciding whether search warrant was invalid due to its listing of an incorrect address).

7. Defendant does not argue that the search warrant was not executed "as soon as practicable[.]" Section 542.276.8.