**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth TURNER, Defendant-Appellant.**

No. 85–5025.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 1985.

Decided Sept. 13, 1985.

Judith S. Feigin, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Barton C. Sheela, III, San Diego, Cal., for defendant-appellant.

Before ANDERSON, BEEZER, and BRUNETTI, Circuit Judges.

BEEZER, Circuit Judge:

Turner appeals from the district court's denial of his motion to exclude evidence obtained from the search of a house. He asserts that because the search warrant contained the wrong street address, it did not describe the place to be searched with sufficient particularity to satisfy the Fourth Amendment. We affirm.

## FACTS

The Border Patrol had probable cause to believe that a certain house on rural Mountain View Drive in Escondido, California, was being used for the purpose of harboring and smuggling illegal aliens. The house, which was under surveillance, was located in a dense grove of trees on a circular driveway shared with several other houses. At the entrance to the driveway were three mailboxes marked 2800, 2810 and 2756 Mountain View Drive. Because the suspect house did not have a number on its doorway, the agents used a directory and process of elimination to determine that the suspect house was 2762 Mountain View Drive. The affidavit for search warrant and the search warrant itself, which was issued on September 28, 1984, and executed the next day, described the house as follows:

> 2762 Mountain View, Escondido, California, and further described as a beige two-story stucco and adobe house with an attached two-car garage. The garage has entry doors on either side of a large garage door. The entry door located on the south side of the garage door has a brass-plated deadbolt lock installed. On the south side of this door are two windows covered by tinfoil. The doors and trim of the house are painted brown. The entry to the residence is located on the south side of the residence and the

garage entry faces west. The driveway to the residence off of Mountain View Drive leads north from Mountain View Drive and is marked by three mailboxes numbered 2800, 2810 and 2756. This driveway leads past these three residences, the last identified by a residence marker of 2756, D.A. Mieir. The driveway then turns to concrete and dead ends at the 2762 Mountain View Drive residence. There is a farm road leading past 2762 Mountain View Drive and into an avocado grove. The driveway leads north from Mountain View Drive. Entry to the 2762 Mountain View Drive residence is located on the south side.

Although the affidavit for search warrant was signed by INS Investigator Alfonso Miranda, the description of the house was prepared by Border Patrol Investigator Lawrence Harlan. Harlan, who had personally seen the suspect house on three occasions, also participated in the execution of the warrant.

The description of the suspect house turned out to be correct except for the street number. The house that the agents had surveilled, intended to search and actually did search was 2800 Mountain View Drive. Number 2762 Mountain View Drive was located approximately two-tenths of a mile away in a location that the agents did not know existed, and it did not resemble the description of the suspect house.

The district court denied appellant's motion to suppress incriminating evidence found in the search. Appellant then pled guilty to harboring illegal aliens, reserving his right to appeal the evidentiary ruling. This appeal followed.

## ANALYSIS

■ The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, ... and particularly describing the place to be searched...." Both parties agree that the "test for determining the sufficiency of the warrant description is 'whether the place to be searched is described with sufficient particularity to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched.'" *United States v. McCain,* 677 F.2d 657, 660 (8th Cir.1982) (quoting *United States v. Gill,* 623 F.2d 540, 543 (8th Cir.), *cert. denied,* 449 U.S. 873, 101 S.Ct. 214, 66 L.Ed.2d 94 (1980) and *United States v. Gitcho,* 601 F.2d 369, 370 (8th Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979)); *cf. United States v. Alexander,* 761 F.2d 1294, 1300 (9th Cir.1985) ("The particularity requirement inquires into the sufficiency of the description of the premises to be searched, and tests whether 'the officer with a search warrant can with reasonable effort ascertain and identify the place intended.'") (quoting *Steele v. United States,* 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757 (1925)). In applying this test, we are mindful of the general rule that affidavits for search warrants must be tested and interpreted in a common sense and realistic, rather than a hypertechnical, manner. *See United States v. Ventresca,* 380 U.S. 102, 108–09, 85 S.Ct. 741, 745–46, 13 L.Ed.2d 684 (1965); *accord Illinois v. Gates,* 462 U.S. 213, 235–36, 103 S.Ct. 2317, 2330–31, 76 L.Ed.2d 527 (1983).

In *McCain,* the warrant described the place to be searched as "4510 Delmar, offices and work area of a machine shop." 677 F.2d at 659. The "offices and work area" that the police intended to search and actually did search were parts of two adjoining buildings with a connecting interior doorway that were used and controlled as a unit by their common owner, although the two buildings had three external doors with addresses 4510, 4512 and 4512A. 677 F.2d at 660.

The court began by noting that the search warrant was technically deficient, but that not every defect in a search warrant compels suppression of evidence seized pursuant to the warrant. 677 F.2d at 660. The court found that the first prong of the sufficiency test was met because the officers expected to search and reasonably did search the entire first floor

area controlled by the suspect. It explained that

> any technical failure of the warrant to designate "4512" as a search target is not grounds for reversal. Where one part of the warrant description is imprecise but the description has other parts which identify the place to be searched with particularity, searches have been routinely upheld.... Here, whatever the warrant lacked in accuracy as to street address, it accurately and with particularity targeted McCain's "offices" and the building premises to be searched.

677 F.2d at 661 (citations omitted). The court also concluded that the focus of the second prong of the test, the probability of a mistaken search, was strongly negated because the premises had been under surveillance for over a year before the search and because the same officers both applied for and executed the warrant. *Id.* The court therefore found the evidence obtained by the search to be admissible.

In *Gitcho*, the warrant described the premises to be searched as "4144 Geraldine, Apt. # 7," whereas the actual address was 4146 Parc Chalet, Apartment 7. 601 F.2d at 371. Parc Chalet was an unmarked street used as a parking lot, and the federal agents mistakenly assumed that the street address of the apartment complex was on a street that fronted a different side of the same building. In applying the two-part test, the court considered the facts that the address, though technically incorrect, was reasonable for the location intended; that the agents executing the warrant personally knew which premises were intended to be searched; that those premises were under constant surveillance while the warrant was obtained; and that the premises which were intended to be searched were those actually searched. 601 F.2d at 372. The court concluded that the evidence resulting from the search should not be suppressed.

■ In the case at bar, the warrant description was sufficiently particular. The verbal description contained in the warrant described the house to be searched with great particularity; no nearby house met the warrant's detailed description; the ad-

dress in the warrant was reasonable for the location intended; the house had been under surveillance before the warrant was sought; the warrant was executed by an officer who had participated in applying for the warrant and who personally knew which premises were intended to be searched; and the premises that were intended to be searched were those actually searched. Under these circumstances, there was virtually no chance that the executing officer would have any trouble locating and identifying the premises to be searched, or that he would mistakenly search another house. *See* 2 W. LaFave, *Search and Seizure* § 4.5 at 76 (1978) ("the name of an apartment complex or business enterprise will prevail over a street address, as will a detailed physical description which speaks of the precise location or appearance of the premises"); *United States v. Shropshire*, 498 F.2d 137, 142 (6th Cir.1974) (upholding search of third trailer on road, when warrant referred to second trailer but correctly described the color, lot number and names of the owners of the third trailer), *cert. dismissed*, 420 U.S. 901, 95 S.Ct. 838, 42 L.Ed.2d 845 (1975).

## CONCLUSION

The district court's denial of appellant's suppression motion is AFFIRMED.