974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Duane VAUGHN, Defendant-Appellant.
 No. 91-50657.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1992.*
Decided Sept. 14, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and WANGER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Anthony Vaughn appeals his jury conviction for being a felon in possession of firearms shipped in interstate commerce, in violation of 18 U.S.C. § 922(g)(1). Officers seized three firearms from a storage container in the carport of his apartment building while executing a search warrant for cocaine and narcotics paraphernalia. Vaughn contends that the district court erred in denying his motions to suppress evidence, because the search warrant was not supported by probable cause, the search warrant was overbroad, and the firearms were not validly seized under the plain view doctrine. We affirm.
 
 STANDARD OF REVIEW
 
 4
 We generally review the denial of a motion to suppress evidence de novo, United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988), but we accept the underlying factual findings of the district court unless they are clearly erroneous. United States v. Davis, 905 F.2d 245, 250 (9th Cir.1990), cert. denied, 111 S.Ct. 753 (1991).
 
 DISCUSSION
 
 5
 1. Validity of the Search Warrant: Probable Cause
 
 
 6
 Vaughn contends that the district court erred in denying his motion to suppress evidence, because the search warrant was not supported by probable cause. In determining the existence of probable cause to issue a search warrant, a judge or magistrate must make a "practical, commonsense decision," whether, under a totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Ayers, 924 F.2d 1468, 1478 (9th Cir.1991).
 
 
 7
 This court's task is simply to ensure that the magistrate or judge had a " 'substantial basis for concluding that the affidavit in support of the warrant established probable cause.' " Ayers, 924 F.2d at 1478 (quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1396 (9th Cir.1986)); see also Gates, 462 U.S. 213, 238-39 (1983). This standard of review is " 'less probing than de novo review and shows deference to the issuing magistrate's determination.' " Ayers, 924 F.2d at 1478 (quoting Angulo-Lopez, 791 F.2d at 1396).
 
 
 8
 We reject Vaughn's contention that the information contained in Investigator Campbell's affidavit did not support a finding of probable cause sufficient to justify the issuance of the warrant. Campbell stated that he had received several anonymous phone calls the month before the warrant was issued, from people who said that "narcotics" were "being sold from the apartment" described in the affidavit. According to the affidavit, people approached the window, passed money in, and received something back through a hole in the screen. Based on his training and experience, Campbell concluded that the conduct described by the callers was consistent with narcotics activity. Subsequently, he supervised a controlled purchase, using a confidential informant, to corroborate the anonymous tips.
 
 
 9
 Vaughn objects that the calls cannot support a finding of probable cause, because they were anonymous and the callers did not know for certain that narcotics were being sold because they could not see what was being exchanged for the money. He further objects that the officer's opinion that the conduct indicated narcotics activity was of no value in determining the existence of probable cause. Even if the anonymous calls or the officer's unsupported opinion were insufficient to show probable cause, the corroboration effected by the controlled purchase clearly established a "probability that contraband or evidence of criminal activity would be found" at the apartment.
 
 
 10
 The Supreme Court reaffirmed in Gates the "value of corroboration of details of an informant's tip by independent police work" in the determination of probable cause under a totality of the circumstances analysis. 462 U.S. at 241; see also Ayers, 924 F.2d at 1478. In this case, the controlled purchase of cocaine supervised by the police strongly corroborated the information related by the anonymous callers. The informant's history of cocaine use does not lessen the reliability of the controlled buy, because the informant was searched before and after the buy, and the officers never lost sight of him during the transaction. Under a totality of the circumstances analysis, we conclude that probable cause supported the issuance of the search warrant.
 
 
 11
 Vaughn further objects that even if there was probable cause to search the apartment, the affidavit does not establish probable cause to search the locked storage bin in the carport area from which the firearms were seized. The warrant explicitly authorized officers to search "all storage areas and containers located inside and or outside of said premises under control of persons living within said premises."
 
 
 12
 This court has held that "[a] magistrate is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." Angulo-Lopez, 791 F.2d at 1399. Here, the judge issuing the warrant could have reasonably inferred that cocaine or narcotics paraphernalia could be stored in containers associated with this apartment. We therefore find that the warrant authorizing the search of a storage container under Vaughn's control and in close proximity to his apartment was supported by probable cause. The court did not err in denying the motion to suppress evidence on the grounds that the search warrant was issued without probable cause.
 
 
 13
 2. Validity of the Search Warrant: Overbreadth
 
 
 14
 Vaughn contends that the search warrant is overbroad because it describes the location to be searched as the entire building. His reading of the warrant is unsupported by the record.
 
 
 15
 We agree with the district court that the warrant describes the place to be searched with sufficient particularity.[1] The test for sufficiency of a warrant description of a location to be searched is whether an officer can " 'locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched.' " United States v. Turner, 770 F.2d 1508, 1510 (9th Cir.1985), cert. denied, 475 U.S. 1026 (1986) (quoting United States v. McCain, 677 F.2d 657, 660 (8th Cir.1982)); cf. United States v. Whitney, 633 F.2d 902, 907 (9th Cir.1980), cert. denied, 450 U.S. 1004 (1981) (quoting Steele v. United States, 267 U.S. 498, 503 (1925)) ("It is enough if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended."). Vaughn's reliance on Whitney for the proposition that a warrant is invalid which describes an entire building where probable cause exists to search only one apartment is inapposite here to the extent that the warrant clearly does not authorize the search of the entire building.
 
 
 16
 In Turner, a warrant was not invalidated by the fact that the street address of the house to be searched was incorrect. The warrant description was deemed to be sufficient, because the house was described with particularity, no nearby house matched the description, and the address in the warrant was reasonable for its location. Furthermore, the house had been under surveillance before the warrant was issued, and the warrant was executed by an officer who had applied for the warrant and knew which premises were to be searched. Finally, the premises intended to be searched were the ones actually searched.
 
 
 17
 The warrant in the case at bar sufficiently satisfies the test for specificity of description set out in Turner. The warrant describes the location of the apartment within the building with particularity, because no other apartment could have a window and door at the identical location. Moreover, the apartment was under surveillance during the controlled purchase and was described in the affidavit by the investigating officer who conducted a walk through afterwards to identify the location. Therefore, the officers executing the warrant could reasonably identify and locate the premises to be searched, with little possibility of mistakenly searching other premises. Vaughn's contention that the warrant is invalid because it is overbroad fails.
 
 
 18
 Because we conclude that the warrant was valid, we do not need to address Vaughn's argument that the good faith exception to the exclusionary rule does not apply.
 
 3. Seizure of the Firearms
 
 19
 Vaughn objects that the seizure of the firearms was illegal, because it did not satisfy the elements of the plain view exception to the warrant requirement. The plain view doctrine supports the seizure of items without a warrant under the following conditions: (1) the officer must not have violated the Fourth Amendment by arriving at the place from which the object could be plainly viewed; (2) the incriminating character of the object must be immediately apparent; and (3) the officer must have a lawful right of access to the object itself. Horton v. California, 110 S.Ct. 2301, 2308 (1990). The permissibility of a plain view seizure is a mixed question of fact and law that is reviewed de novo. United States v. Disla, 805 F.2d 1340, 1346 (9th Cir.1986).
 
 
 20
 The first and third requirements of the plain view doctrine are met because the officers discovered the firearms in the storage bin, where they were authorized to look, while acting within the scope of a valid search warrant. Vaughn's main objection to the plain view seizure of the firearms is that their incriminating nature could not have been immediately apparent, because the officers did not know that he was a convicted felon. He disputes the truth of the declarations made by Officer Mark Fronterotta and Special Agent Kelly Long that Campbell told them about Vaughn's identity and criminal record prior to the search. He points to the fact that Campbell omitted this information from his affidavit.
 
 
 21
 The district judge found the testimony of Officer Fronterotta and Agent Long to be credible and further found that it was reasonable that such information would be provided to officers in preparation for conducting a search. The district court's findings are not clearly erroneous. United States v. Linn, 862 F.2d 735, 740 (9th Cir.1988) (findings of fact on which the lawfulness of a seizure are based are reviewed for clear error). That Campbell did not include Vaughn's identity or criminal record in the affidavit does not indicate that he did not possess that information or communicate it to the officers who executed the search.
 
 
 22
 Furthermore, even if the officers had no prior knowledge of Vaughn's felony conviction, they could reasonably have seized the firearms as evidence of narcotics activity. Seizure of evidence in plain view must be supported by probable cause. Arizona v. Hicks, 480 U.S. 321, 326 (1987). But an officer need not know that an item is contraband or evidence of a crime; all that is required is a reasonable belief that the items may be incriminating. Texas v. Brown, 460 U.S. 730, 741-42 (1983) (plurality opinion).
 
 
 23
 Other circuits have supported the plain view seizure of firearms as evidence of narcotics offenses, even when firearms are not specifically named in the search warrant. United States v. Matthews, 942 F.2d 779, 783 (10th Cir.1991); United States v. Smith, 918 F.2d 1501, 1509 (11th Cir.1990), cert. denied sub nom. Hicks v. United States 112 S.Ct. 151 (1991); United States v. Caggiano, 899 F.2d 99, 103-04 (1st Cir.1990); United States v. Reed, 726 F.2d 339, 344 (7th Cir.1986). This circuit has recognized the close relationship between drugs and firearms in approving lower court decisions allowing the admission of guns and firearms as evidence of involvement in the narcotics trade. See United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied, 488 U.S. 943 (1988); United States v. Crespo de Llano, 838 F.2d 1006, 1018 (9th Cir.1988); United States v. Issacs, 708 F.2d 1365, 1371 (9th Cir.), cert. denied, 464 U.S. 852 (1983); United States v. Martin, 599 F.2d 880, 889 (9th Cir.), cert. denied, 441 U.S. 962 (1979). Conversely, this circuit has held that evidence of narcotics trafficking is relevant to establishing possession of a weapon. United States v. Butcher, 926 F.2d 811, 815-16 (9th Cir.), cert. denied, 111 S.Ct. 2273 (1991) (evidence of narcotics in close proximity to weapons was properly admitted in prosecution for being a felon in possession of a firearm).
 
 
 24
 In the present case, the police had probable cause to believe that cocaine was being sold from Vaughn's apartment. It was eminently reasonable for the officers to infer that the firearms were incriminating evidence of a narcotics offense and to seize them from a storage bin opened by Vaughn's keys. Therefore, we find that the district court did not err in denying Vaughn's motion to suppress evidence of the firearms on the grounds that they were illegally seized.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Oliver W. Wanger, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The face of the warrant gives the location to be searched as "615 W. Hyde Park Blvd., Inglewood, CA, 90301 beige stucco multi-unit apartment complex whose door is on the bottom floor all the way to the rear, further described as the N/E door which faces east[.] The window is North of the door, and is the last window on the North end of the building, and all storage areas and containers located inside and or outside of said premises under control of persons living within said premises." (emphasis added)