976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald Wayne ANDERSON, Defendant-Appellant.
 No. 90-30275.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1992.*
Decided Sept. 24, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald Wayne Anderson appeals his conviction for attempt to possess with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) (1988), and possession of an unregistered firearm, 26 U.S.C. §§ 5845, 5861(d), 5871 (1988). He claims the district court should have suppressed certain evidence seized pursuant to a search warrant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The warrant in this case authorized the search of
 
 
 4
 1220 Center Street, NE Salem, Marion County, Oregon. A two story residence of wood frame construction, brown in color. This residence is situated on the south side of Center Street, and is the first building east of 1210 Center Street. The building contains (4) four separate apartments, Jerry Anderson occupies apartment # 1.
 
 
 5
 In fact, Anderson occupied apartment number 3, not apartment number 1, at 1220 Center Street. At the time of the search, Anderson was the sole occupant of the building, and his apartment, number 3, was the only locked unit in the building. Officers entered Anderson's apartment by using a key provided by Anderson.
 
 
 6
 Anderson attacks the warrant on several related grounds. First, he argues the warrant is ambiguous, "and can be interpreted to authorize the search of the entire building at 1220 Center Street, or as authorizing only the search of apartment one." Second, if the warrant authorized a search of the entire building, it is invalid because there was probable cause for Anderson's apartment only, not the other units in the building. Third, if the warrant was limited to Anderson's apartment, it described that apartment as unit number 1, while officers searched unit number 3, where Anderson actually resided.
 
 
 7
 We uphold the search warrant in this case under the rule of United States v. Turner, 770 F.2d 1508 (9th Cir.1985). Search warrants and their accompanying affidavits "must be tested and interpreted in a common sense and realistic, rather than a hypertechnical, manner." Id. at 1510. Interpreted realistically, the warrant in this case was for Anderson's apartment, not the other units in the building. Indeed, that his how the executing officer understood it. As Anderson concedes, there was probable cause to search his apartment.
 
 
 8
 Although the warrant erroneously described Anderson's apartment as unit number 1, rather than unit number 3, that technical defect is not fatal. "The test for determining the sufficiency of the warrant description is whether the place to be searched is described with sufficient particularity to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched." Id. (quotations omitted). All other apartments in the building were vacant and unlocked, and officers entered Anderson's apartment using his key. Under these circumstances, there was no reasonable probability that another premise might have been searched.
 
 
 9
 As the Turner court stated, quoting United States v. McCain, 677 F.2d 657, 661 (8th Cir.1982):
 
 
 10
 "Where one part of the warrant description is imprecise but the description has other parts which identify the place to be searched with particularity, searches have been routinely upheld.... Here, whatever the warrant lacked in accuracy as to street address, it accurately and with particularity targeted [the defendant's] 'offices' and the building premises to be searched."
 
 
 11
 Id. at 1511 (omission in Turner ). The same logic applies here: although the warrant listed the wrong apartment number, it clearly targeted Anderson's apartment.
 
 
 12
 The search warrant in this case was valid, and accordingly the district court's judgment is
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3