8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack John MILOJEVICH, Defendant-Appellant.
 No. 93-30044.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 21, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack John Milojevich appeals his conviction following a conditional guilty plea to conspiracy to manufacture, possess with intent to distribute and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. Milojevich contends the district court erred by denying his motion to suppress evidence seized pursuant to a search of his telephone call records because the warrant misidentified his number and relied upon uncorroborated and unreliable hearsay of a confidential informant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error a magistrate's issuance of a search warrant and will uphold it where the magistrate had a substantial basis for concluding probable cause existed based upon the totality of circumstances. United States v. Mendonsa, 989 F.2d 366, 368 (9th Cir.1993).
 
 
 4
 * Particularity of Warrant
 
 
 5
 To determine the sufficiency of a warrant description, we consider whether the place to be searched is described with sufficient particularity to enable an officer to locate and identify the premises with reasonable effort, and whether any reasonable probability exists that another premise might be mistakenly searched. United States v. Turner, 770 F.2d 1508, 1510 (9th Cir.1985), cert. denied, 475 U.S. 1026 (1986). Search warrants and their accompanying affidavits "must be tested and interpreted in a common sense and realistic, rather than a hypertechnical, manner." Id. at 1510.
 
 
 6
 Here, an agent of the State of California's Bureau of Narcotic Enforcement applied for and obtained a search warrant for information derived from a pen register and subscriber information for two telephone numbers. A typographical error existed in Attachment B of the warrant, which was directed to the telephone company. Milojevich's telephone number, (209) 727-5075, was typed incorrectly as (209) 727-5025 in the request for subscriber information. The number, however, was typed correctly in the request for pen register information in Attachment B and throughout the attached and incorporated affidavit. In all, the number appeared correctly seven times and incorrectly only once.
 
 
 7
 Because the mistake in Milojevich's telephone number in the request for subscriber information was obviously a typographical error and limited to one reference in an Attachment and not the actual affidavit, we hold that the search warrant was sufficient in its particularity and no reasonable probability existed that the wrong telephone number was searched. See Turner, 770 F.2d at 1510 (upholding the search of a house although the affidavit and warrant listed the incorrect house number).
 
 II
 Confidential Informant
 
 8
 "An informant's description of illegal activity is sufficient to establish probable cause if the totality of the circumstances indicate that the tip is reliable." United States v. Elliott, 893 F.2d 220, 223 (9th Cir.), amended on other grounds, 904 F.2d 25, cert. denied, 498 U.S. 904 (1990). For an informant's information to support a finding of probable cause, the affidavit should support an inference that the informant is trustworthy and that the informant's observations of criminal activity were made in a reliable way. United States v. Landis, 726 F.2d 540, 543 (9th Cir.), cert. denied, 467 U.S. 1230 (1984). When an informant's information is corroborated by other averments in the affidavit, the informant is likely to be reliable. See United States v. Miller, 753 F.2d 1475, 1480 (9th Cir.1985).
 
 
 9
 Here, Drug Enforcement Agency ("DEA") Special Agent Ron Prose, declared in the affidavit supporting the issuance of the search warrant that he interviewed a confidential informant who stated that Milojevich was operating a methamphetamine lab and had been "cooking crank" for some five years. During the interview, the informant claimed, among other things, that Milojevich was a major distributor of methamphetamine in Central and Northern California, an associate of Richard Frederick, and fanatical about weapons. The affidavit also included Prose's averments that (1) from a 1988 investigation, he knew Milojevich was an associate of Richard Frederick, who had been convicted of conspiracy to manufacture methamphetamine after the seizure of an extraordinarily large methamphetamine laboratory, (2) photographs from Frederick's trial showed what appeared to be 55 gallon drums of precursor chemicals inside Milojevich's van, (3) a long, white trailer registered to Milojevich was seen within which appeared to be 55 gallon drums of precursor chemicals, and (4) Milojevich and his brother had a prior arrest for possession of illegal firearms which included an AR-15 fully automatic machine gun. Prose noted that DEA Special Agent R. Croslin had told him that the informant had given reliable information in the past which resulted in the arrest of at least one person.
 
 
 10
 We hold that the totality of circumstances indicate that the confidential informant's tip was reliable and therefore probable cause existed to support the warrant. See Elliott, 893 F.2d at 223. The magistrate could infer that the informant was trustworthy based upon prior reliable information he gave that resulted in a conviction. See Landis, 726 F.2d at 543. Moreover, the informant's information was corroborated by information supplied by Prose in the affidavit in support of the warrant. See Miller, 753 F.2d at 1480. Accordingly, because the magistrate had a substantial basis for concluding probable cause existed to support the issuance of the search warrant, the motion to suppress was properly denied. See Mendonsa, 989 F.2d at 368.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3