19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Franklin WRIGHT, Defendant-Appellant.
 No. 92-30393.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1994.
Decided March 18, 1994.
 
 Before: BROWNING, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wright appeals his conviction and sentence for two counts of violating 18 U.S.C. Sec. 922(g).
 
 
 3
 A. Wright first argues the district court erred in not changing venue because it should have presumed prejudice. The record, however, does not demonstrate a level of "prejudicial and inflammatory media publicity" such that prejudice should have been presumed. United States v. Rewald, 889 F.2d 836, 863 (9th Cir.1989), amended 902 F.2d 18 (9th Cir.1990); Harris v. Pulley, 885 F.2d 1354, 1361 (9th Cir.1988). While we are mindful of the difficulties inherent in questioning prospective jurors as to their knowledge of Wright's background, the district court properly dealt with the situation by asking whether they recognized Wright by face or appearance. See Mu'Min v. Virginia, 111 S.Ct. 1899, 1906 (1991) (noting wide discretion granted trial judge in this area).
 
 
 4
 Wright makes much of the fact that, after questioning by the district court, one juror indicated that he had heard something about the charges pending against Wright. This post-trial questioning was discretionary with the district court and did not reveal that any information about these charges played a role in the jury's deliberations. While Wright contends the district court erred in denying his request for post-verdict juror interviews and in not, at a minimum, holding an evidentiary hearing upon learning about one juror's vague recollection, we conclude the district court did not abuse its "considerable discretion" in this area. See United States v. Barrett, 703 F.2d 1076, 1083 (9th Cir.1983).
 
 
 5
 B. In both his opening brief and his supplemental brief after remand, Wright challenges the district court's denial of his motion for a Franks hearing. Although Wright contends that the district court applied an incorrect legal standard in ruling on the motion, our review of the record indicates otherwise. See, e.g., ER at 22. And in applying the correct standard, the district court properly denied Wright's request. Wright did not make a substantial preliminary showing that Agent Samuel either deliberately or recklessly omitted a material fact from his affidavit. United States v. DiCesare, 765 F.2d 890, 894 (9th Cir.), amended 777 F.2d 543 (9th Cir.1985). In any event, addition of the facts Wright asserts were omitted would not negate the showing of probable cause. Id. at 895.
 
 
 6
 Wright's request to subpoena Magistrate Juba was properly denied as any such testimony would have been irrelevant. Lastly, because a Franks hearing was not necessary, the district court was justified in denying Wright's request to cross-examine Agent Samuel as to his supplemental affidavit; as the court has made clear, it never relied on that affidavit. See District Court Order of 9/30/93 at 4-5.
 
 
 7
 C. Wright asserts that there wasn't probable cause to believe he'd committed a crime, let alone to search his apartment and car. The record, however, flatly contradicts this claim. There was plenty of evidence for the magistrate to "conclude that it would be reasonable to seek the evidence" in Wright's apartment and car. United States v. Peacock, 761 F.2d 1313, 1315 (9th Cir.1985); see United States v. Bertrand, 926 F.2d 838, 842 (9th Cir.1991). Samuel's affidavit adequately supported such a conclusion and, contrary to Wright's assertions, it was not ambiguous as to where to look.
 
 
 8
 D. Nor are we persuaded by Wright's claim that the gun found in his car should have been suppressed because the warrant authorized the search of a pickup truck. Although Wright argues that under the criteria of United States v. Turner, 770 F.2d 1508, 1511 (9th Cir.1985), the search here was illegal, we conclude that Turner supports the search. While the warrant's description was partially inaccurate, it was sufficiently particular "to enable the executing officer to locate and identify the premises with reasonable effort"; in addition, there was not a "reasonable probability that another premise might be mistakenly searched." Id. at 1510.
 
 
 9
 E. Wright challenges the inclusion of his 1969 assault conviction in his criminal history score. We find this conviction was properly counted under U.S.S.G. Sec. 4A1.2(e)(1). Looking to Fed.R.Crim.P. 45(a), we count back fifteen years from the day before commencement of the offense at issue--August 30, 1991--and find Wright spending his last day in prison for the 1969 assault.
 
 
 10
 F. Finally, Wright's uncounted prior convictions properly served as a basis for upward departure under U.S.S.G. Sec. 4A1.3(a). The district court adequately explained its reasons for departing and the basis of its departure, see United States v. Cruz-Ventura, 979 F.2d 146, 150 (9th Cir.1992); United States v. Notrangelo, 909 F.2d 363, 367 (9th Cir.1990), and the extent of its departure was reasonable.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3