**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arthur WILLIAMS, Sr., Defendant–
Appellant.**

**No. 02–30121, 02–30129.**

**D.C. Nos. CR–01–00125–A–JKS,
CR–01–00126–a–JKS.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 2003.

Decided Aug. 27, 2003.

Kirby A. Heller, Esq., U.S. Department of Justice, Criminal Division/Appellate Section, Washington, DC, Crandon Randell, Joseph W. Bottini, USAK—Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Carmen L. Gutierrez, Esq., Mary C. Geddes, Esq., FPDAK—Federal Public Defender's Office (Anchorage), Anchorage, AK, for Defendant–Appellant.

Before PREGERSON, CANBY, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Arthur Williams, Sr., entered a conditional guilty plea to charges of possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1), and counterfeiting obligations of the United States, in violation of 18 U.S.C. § 471. Williams now appeals the issue he reserved for review: the District Court's denial of his motion to suppress evidence obtained by law enforcement officers pursuant to a search warrant for his property. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The Fourth Amendment requires that a search warrant "particularly describ[e] the place to be searched." U.S. Const. amend. IV. But the description of the place to be searched does not need to be perfect: "[t]he practical accuracy rather than the technical precision governs in determining whether a search warrant adequately describes the premises to be searched." *United States v. Williams*, 687 F.2d 290, 292 (9th Cir.1982); *see also United States v. Turner*, 770 F.2d 1508, 1510 (9th Cir. 1985) (noting the "general rule" that search warrants and affidavits "must be tested and interpreted in a common sense and realistic, rather than a hypertechnical, manner"). This court has stated, and the parties agree, that the "test for determining the sufficiency of the warrant description is 'whether the place to be searched is described with sufficient particularity to enable the executing officer to locate and identify the premises with reasonable ef-

fort, and whether there is any reasonable probability that another premises might be mistakenly searched.'" *Turner*, 770 F.2d at 1510 (quoting *United States v. McCain*, 677 F.2d 657, 660 (8th Cir.1982)). This test "depends heavily upon the factual circumstances of each case," and thus the required particularity of the description "will differ as between urban and rural areas." *Williams*, 687 F.2d at 293.

Here, the description in the search warrant "enable[d] the executing officer to locate and identify the premises with reasonable effort." *Turner*, 770 F.2d at 1510. Because the same officer surveyed the Williams' premises before the warrant was sought, applied for and then executed the search warrant, there was not a "reasonable probability that another premises might mistakenly be searched." *Id.*

We hold that the search warrant and search were valid, and thus the district court did not err. Therefore, we do not need to reach the issue of whether the search could be upheld under the good faith exception to the warrant requirement.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.