**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Chance Alexander JONES,**
**Defendant—Appellant.**

No. 05–50504.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2006.

Decided April 12, 2006.

**810**

Becky S. Walker, Esq., Ray Aghaian, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

W. Michael Mayock, Esq., Law Offices of W. Michael Mayock, Pasadena, CA, for Defendant—Appellant.

Before: GRABER, WARDLAW, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Chance Alexander Jones appeals his conviction and sentence of thirty-three months' imprisonment for attempting to manufacture MDMA in violation of 21

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

U.S.C. § 846. Because the district court properly denied Jones's motion to suppress, we affirm.

■ We reject Jones's claim that the anticipatory search warrant was not triggered because the electronic tracking device activated after Jones took the package to the dumpster rather than while the package was inside his apartment. Search "warrant[s] must be interpreted in a 'common sense and realistic fashion,'" *United States v. Vesikuru*, 314 F.3d 1116, 1123 (9th Cir.2002), "rather than [in] a hypertechnical" manner, *United States v. Turner*, 770 F.2d 1508, 1510 (9th Cir.1985). As stated in the affidavit accompanying the warrant, the triggering event for the warrant was the opening of the package while it was inside Jones's apartment. The receipt of a signal from the tracking device served only as an indicator that the triggering event had occurred; it was not itself the triggering event. Based on observing that Jones accepted the package and took it into his apartment, that Jones did not leave the apartment building after receiving the package, and that the package was open when Jones took it to the dumpster, the DEA agents reasonably concluded that the package had been opened inside Jones's apartment, triggering the warrant's execution. *See Vesikuru*, 314 F.3d at 1123–24.

■ The district court also correctly found that the warrant was properly executed. Even if the agents failed to give Jones a copy of the order authorizing installation of the electronic tracking device, the affidavit accompanying the warrant described the electronic tracking device, specified the triggering event, and allowed Jones to determine whether those events had occurred, satisfying the Fourth

of this circuit except as provided by 9th Cir. R. 36–3.

Amendment. *See, e.g., United States v. Smith,* 424 F.3d 992, 1007–08 (9th Cir. 2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1477, —— L.Ed.2d —— (2006).

We reject Jones's argument that the agents violated the Fourth Amendment by conducting a protective sweep of his apartment and by moving the contraband container during the sweep. The protective sweep was justified because agents reasonably feared danger from within Jones's apartment. *Maryland v. Buie,* 494 U.S. 325, 334, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). That they did not serve Jones with the warrant until twenty minutes after they conducted the protective sweep does not make the sweep a warrantless search. Technical violations of Rule 41(f)(3) require suppression only if there was a deliberate disregard of the rule or the defendant was prejudiced, *see, e.g., United States v. Williamson,* 439 F.3d 1125, 1132–34 (9th Cir.2006), neither of which occurred here.

As the district court correctly held, the mere movement of the contraband container from the floor to the top of Jones's television was not a search or seizure. *See United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984); *Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring). *Arizona v. Hicks,* 480 U.S. 321, 325, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987), is inapposite, because here the movement of the plastic vessel did not "expose[ ] to view concealed portions of the apartment or its contents" or "produce a new invasion of [the defendant's] privacy unjustified by the exigent circumstance that validated the entry."

Whether or not the use of a black light to identify the presence of iridescent powder on Jones's hands is a "search," it was justified by exigent circumstances. *See Cupp v. Murphy,* 412 U.S. 291, 295–96, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973). The district court's finding that Jones could have easily rubbed the powder off his hands was not clearly erroneous.

Because none of the agents' individual actions violated the Fourth Amendment, there was no cumulative Fourth Amendment violation.

AFFIRMED.

RAWLINSON, Circuit Judge, concurring.

I concur in the result.