**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30418 |
| Plaintiff - Appellee, | D.C. No. 1:05-cr-30013-AA-1 |
| v. | |
| BERTHA ALLCIA CALVILLO-NIEVES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted December 10, 2009[**]
Portland, Oregon

Before: FARRIS, D.W. NELSON, and BERZON, Circuit Judges.

Appellant Berta Allcia Calvillo-Nieves appeals the district court's order

denying her motion to suppress. Because the warrant authorizing police to search

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Calvillo-Nieves' home describes the premises to be searched with sufficient particularity, we affirm.

We review a district court's denial of a motion to suppress de novo, and the factual findings underlying the denial for clear error. *United States v. Brobst*, 558 F.3d 982, 991 (9th Cir. 2009). We review a district court's determination regarding the specificity of a warrant de novo. *Id.*

The Fourth Amendment requires that a search warrant particularly describe the place to be searched. U.S. Const. amend. IV. A warrant that contains the wrong address for the premises to be searched nonetheless satisfies the Fourth Amendment's particularity requirement when "'no nearby house met the warrant's detailed description; the address in the warrant was reasonable for the location intended; the house had been under surveillance before the warrant was sought; the warrant was executed by an officer who had participated in applying for the warrant and who personally knew which premises were intended to be searched; and the premises that were intended to be searched were those actually searched.'" *United States v. Mann*, 389 F.3d 869, 876-77 (9th Cir. 2004) (quoting *United States v. Turner*, 770 F.2d 1508, 1511 (9th Cir. 1985)). The record establishes that all of these conditions were satisfied in this case. Thus, the warrant police obtained before searching Calvillo-Nieves's home satisfies the Fourth Amendment's

particularity requirement. We therefore affirm the district court's denial of Calvillo-Nieves's motion to suppress.

**AFFIRMED.**