32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Kenneth GARDNER, Defendant-Appellant.
 No. 93-30304.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1994.
Decided July 27, 1994.
 
 1
 Before: TANG and WIGGINS, Circuit Judges, and HENDERSON,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Larry Kenneth Gardner appeals his conviction and sentence following entry of a conditional guilty plea to one count of manufacturing over 100 marijuana plants, in violation of 21 U.S.C. Sec. 841(b)(1)(B)(vii). Gardner claims that the district court erred: (1) in denying his motion to suppress evidence; (2) in refusing his request for an evidentiary hearing; and (3) in enhancing his base offense level by two levels for possessing a firearm in the commission of a drug offense. We affirm.
 
 I.
 
 4
 The Portland Police obtained a search warrant authorizing the search of Gardner's residence located at 23172 S. Reid Road. The warrant described Gardner's main residence (a double-wide manufactured home) as well as several "pole barns" and "outbuildings" that the police believed were located on the property. The warrant noted that a gate ran across the front entrance of the property with the address "2-3-1-7-2" attached to the gate, and that there was a single driveway leading onto the property. Upon entering through the gate, there was unrestricted access to all of the buildings described in the warrant.
 
 
 5
 The police conducted a search of the premises pursuant to the search warrant and seized several ounces of drying marijuana, 112 marijuana plants, forty root balls from recently harvested marijuana plants, assorted items used to grow marijuana (including light fixtures and lamps), money, and nine firearms. After executing the search, the police discovered that some of the buildings that were described in the warrant and searched were actually located on a separate tax parcel with the address of 23180 S. Reid Road. Gardner filed a motion to suppress all evidence seized pursuant to the search warrant because the search exceeded the scope of the warrant and requested an evidentiary hearing. The district court denied his motion.
 
 II.
 
 6
 The 112 marijuana plants and other drug related items were located in a double-wide trailer that had a different address (23180 S. Reid Road) than the address on the search warrant (23172 S. Reid Road). Gardner thus argues that the search of that trailer exceeded the scope authorized by the warrant because a reasonable officer would have known that there were two separate residences and the warrant only authorized the search of 23172 S. Reid Road.
 
 
 7
 "A search warrant is not invalid where the place to be searched is described with sufficient particularity to enable the executing officer to locate and identify the premises with reasonable effort, and [where] there is [no] reasonable probability that another premise[s] might be mistakenly searched." United States v. Garza, 980 F.2d 546, 551 (9th Cir.1992) (first and second alterations in original) (quotation omitted). The officers' conduct is judged in light of the information available to them at the time they conducted the search. Maryland v. Garrison, 480 U.S. 79, 85 (1987). Evidence that emerges after the warrant is issued has no bearing on whether or not the warrant was validly issued. Id.
 
 
 8
 At the time of the search, the officers believed reasonably that all of the buildings that were searched were located on a single parcel of property with the address of 23172 S. Reid Road. The warrant specifically described the property, the residence, the outbuildings, and the fact that Gardner owned the entire property. There were no other residences nearby which met the warrant's description, and the warrant described the location of all the buildings that were searched. In United States v. Turner, 770 F.2d 1508, 1510 (9th Cir.1985), cert. denied, 475 U.S. 1026 (1986), we held that no Fourth Amendment violation existed where the search warrant contained the wrong street address of the house to be searched because the description was set out with sufficient particularity to identify the premises specifically. As in Turner, even though the warrant in this case did not contain the correct address of all of the buildings that were searched, the warrant's description of those buildings was set out with sufficient particularity to identify them. Accordingly, we find that the search conducted did not exceed the scope of the warrant.
 
 III.
 
 9
 Gardner next argues that the district court erred in refusing his request for an evidentiary hearing. "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986).
 
 
 10
 Gardner asserts that if an evidentiary hearing had been granted, he would have shown that (1) the mobile home containing the marijuana operation was on a separate tax lot (23180 S. Reid Road); and (2) that the second mobile home was not an "outbuilding" or "pole barn" located at 23172 S. Reid Road. The government, however, did not dispute these facts.
 
 
 11
 Gardner also claims that he could show that the officers should have known and, in fact, did know that there were two separate residences because the mobile home at 23180 S. Reid Road had a separate utility meter, its own address and driveway, and there was a cyclone fence separating the two parcels. The evidence shows, however, that prior to the search, Officer Keist's investigation of Portland General Electric's records did not uncover the existence of a utility meter for 23180 S. Reid Road, and that aerial surveillance and visits to the property did not lead any of the officers to conclude that there were two separate residences. The long driveway leading to Gardner's residence and the other buildings were behind one locked gate, and without indication that the partial cyclone fence divided the property into two separate parcels. As such, we find that there were insufficient issues of fact to show the invalidity of the search. The district court did not abuse its discretion in denying Gardner's request for an evidentiary hearing.
 
 IV.
 
 12
 Finally, Gardner argues that the district court erred in enhancing his base offense level by two levels for possession of a firearm in the commission of a drug offense under U.S.S.G. Sec. 2D1.1(b)(1). Gardner asserts that the enhancement is inappropriate because the firearms were hidden in the residence in order to keep the weapons out of the reach of his minor stepson.
 
 
 13
 Under Sec. 2D1.1(b)(1), a two-level enhancement is appropriate if a firearm was "possessed" during the commission of a drug offense, unless it is "clearly improbable" that the weapon was connected with the offense. United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991). "[I]n applying Sec. 2D1.1(b)(1), the court need not find a connection between the firearm and the offense. If it finds that the defendant possessed the weapon during the commission of the offense, the enhancement is appropriate." United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989) (emphasis in original). Additionally, an enhancement under Sec. 2D1.1(b)(1) is appropriate if the weapon is located "in close proximity" to the illegal drugs. United States v. Gillock, 886 F.2d 220, 223 (9th Cir.1989) (per curiam). See also United States v. Heldberg, 907 F.2d 91, 94 (9th Cir.1990) (affirming enhancement where firearm, located a few feet away from defendant, was readily accessible if defendant desired to use it to commit an act of violence); United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990) (affirming enhancement where defendant exited vehicle to meet drug dealer while loaded gun remained under the floormat of the vehicle).
 
 
 14
 When the police searched Gardner's residence, they found nine weapons, two of which were loaded. The police found two handguns in the main hallway closet, one shotgun in its case in Gardner's bedroom closet, and the rest of the firearms inside a gun safe located in Gardner's bedroom closet. Drug-related items were found in the main residence, including scales, packaging material, marijuana cultivation books, financial records, pictures of old marijuana grows, money, and a small amount of marijuana kept for personal use. Because the weapons were found "in close proximity" to tools of Gardner's drug trade and the marijuana grow was located in a mobile home next to Gardner's residence, the district court did not clearly err in enhancing Gardner's base offense level by two levels under Sec. 2D1.1(b)(1).
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Thelton E. Henderson, Chief District Judge, for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3